**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

SHANE WILLIAMS,

Plaintiff,

v.

VITAS HEALTHCARE CORPORATION,
a Delaware corporation,

Defendant.
_______________________________________/

# COMPLAINT

Plaintiff SHANE WILLIAMS, (hereinafter "Plaintiff" or "WILLIAMS") by and through his undersigned attorney hereby files his Complaint and sues defendant VITAS HEALTHCARE CORPORATION (hereinafter, "Defendant" or "VITAS"), a Delaware corporation, and says:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)) and 41 U.S.C. § 1981 et seq. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1367.
2. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.
3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is a citizen of the United States and at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen.
5. Plaintiff is a Black male and is a member of a class protected under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act because the terms, conditions, and privileges of his employment were altered because of his race.
6. Defendant is a Delaware corporation organized in Delaware but operating and existing in Florida with its principal place of business in Miami, Florida. Plaintiff worked in one of Defendant's locations in Fort Lauderdale, Florida and all the actions complained of herein took place at that location and within the Southern District of Florida.
7. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).
8. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.
9. Plaintiff’s Charge was filed on June 25, 2015. The actions complained of herein occurred no more than 300 days before that date and/or continued from that date stemming from the same actions set forth in the Charge.
10. The last known date of any form of discriminatory conduct on Defendant's part against Plaintiff occurred on June 1, 2015.

11. Plaintiff was issued a Notice of Right to Sue on October 27, 2015.This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit “A”).

12. The Florida Commission on Human Relations did not issue a finding on Plaintiff’s charge within 180 days of the filing of said charges.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

12. Plaintiff began working for Defendant in July 2014 in the Office Services Department.

13. Plaintiff's direct supervisor from October 2014 through June 1, 2015 was Juan Merchan (Hispanic).

14. Shortly after Merchan began as Plaintiff's supervisor, Plaintiff made a verbal complaint to Donna Borland (General Manager) and Andrea Stubbs (Human Resources representative) about Merchan's disparate treatment of Plaintiff as compared to another co-worker, Jeff Wellham (White).

15. Upon information and believe, Wellham and Plaintiff held the same title and had the same supervisor. However, Merchan treated Wellham more favorably by allowing Wellham to clock out early, arrive later, and violate various policies. Plaintiff was not permitted to do such things.

16. Plaintiff's complaints of the disparate treatment were not addressed and Merchan continued to treat Wellham more favorably than Plaintiff.

17. In April 2015, Plaintiff was suspended from work without valid reason or cause by Merchan. After being suspended, Merchan physically assaulted Plaintiff, but then issued discipline to Plaintiff for the assault.

18. Plaintiff was then issued discipline two additional times between April 2015 and June 2015 for no valid reason. Plaintiff was ultimately terminated on June 1, 2015 without reason by Defendant.

19. Upon information and belief, Plaintiff was qualified to hold the position for which he was hired in that he worked for Defendant without incident up until Merchan was hired and began his unlawful treatment of Plaintiff.

20. Defendant's reason(s) terminating Plaintiff are pretextual in that Plaintiff was written up for alleged violations of policy which were unfounded and was then terminated based on those same disciplinary actions.

## COUNT ONE:
## VIOLATION OF THE CIVIL RIGHTS ACT
## (DISPARATE TREATMENT BASED ON RACE)

21. Plaintiff re-avers and re-states paragraphs 1–20, above, as though the same were fully re-written herein, and says:

22. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of his race, Black.

23. Plaintiff is a member of a protected class, to wit, Black.

24. Defendant, by and through its supervisors, terminated Plaintiff after issuing him disciplinary actions based on alleged violations of company policy which were unfounded.

25. The manner in which Plaintiff was treated was less favorable than the manner in which Merchan treated Wellham, a co-worker who had the same title as Plaintiff, but was White.

26. Specifically, Wellham was not written up or terminated for violations of policies including leaving early, coming into work late, and yelling at his supervisor.
27. Merchan, Borland, and Stubbs, at all times relevant to this action, acted on behalf of Defendant and acted within the scope of their duties.
28. As a direct result of Merchan's disparate treatment of Plaintiff due to his race, Plaintiff was terminated.
29. Plaintiff is therefore entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).
30. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Merchan, Borland, and Stubbs, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.
31. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

WHEREFORE, Plaintiff SHANE WILLIAMS requests that:

a) The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

b) The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT TWO:**
**INTENTIONAL RACE DISCRIMINATION UNDER 42 U.S.C. § 1981**

32. Plaintiff re-avers and re-states paragraphs 1–20, above, as though the same were fully re-written herein, and says:

33. Plaintiff is Black.

34. Defendant has intentionally discriminated against Plaintiff on the basis of his race as set forth above in violation of Section 1981.

35. Defendant intentionally allowed Merchan to issue discipline to Plaintiff based on unfounded circumstances, yet choose to not issue appropriate disciplinary action to Wellham, a White employee with the same title.

36. Merchan's actions, which were ratified by Defendant in that Merchan was a manager acting within the scope of his duties and were ratified by other employees of Defendant, were met to have an adverse action on Plaintiff as a Black employee.

37. As a direct and proximate result of Defendant's intentional discriminatory treatment, Plaintiff suffered, and will continue to suffer, loss of income based on the practices of Defendant which lead to his termination.

38. Plaintiff has also experienced emotional pain and suffering due to Defendant's intentional and disparate treatment of him based on his race.

39. Defendant's actions were intentional and willful and Plaintiff should be awarded punitive damages as permitted under the law.

WHEREFORE, Plaintiff SHANE WILLIAMS requests that:

a) The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with Section 1981;

b) The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT THREE:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(DISPARATE TREATMENT BASED ON RACE)**

40. Plaintiff re-avers and re-states paragraphs 1–20, above, as though the same were fully re-written herein, and says:

41. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11, based on his race.

42. Plaintiff is a member of a protected class, to wit, Black.

43. Defendant, by and through its supervisors, terminated Plaintiff after issuing him disciplinary actions which were unfounded.

44. The manner in which Plaintiff was treated was less favorable than the manner in which Merchan treated Wellham, a co-worker who had the same title as Plaintiff but was White.

45. Specifically, Wellham was not written up or terminated for violations of policies including leaving early, coming into work late, and yelling at his supervisor.

46. Merchan, Borland, and Stubbs, at all times relevant to this action, acted on behalf of Defendant and acted within the scope of their duties.
47. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages and benefits, pursuant to the provisions of the FCRA.
48. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Merchan, Borland, Stubbs, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.
49. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

WHEREFORE, Plaintiff SHANE WILLIAMS requests that:

a. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;
b. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and
c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff SHANE WILLIAMS demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 19, 2016.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By: **/s/ Charles Eiss**
CHARLES M. EISS, Esq.
Fla. Bar #612073
ceiss@icelawfirm.com
LINDSAY M. MASSILLON, Esq.
Fla. Bar #92098
lmassillon@icelawfirm.com